**02-22919**
**MAGISTRATE JUDGE**
**SORRENTINO**

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of Florida |
|---|---|
| Name of Movant: Raul Ernesto Israel | Prisoner No. 42932-004    Case No. 95-314-Cr-Lenard |
| Place of Confinement: Federal Correctional Institution, P.O. Box 779800, Miami, Fl. 33177-0200 | |

CIV-LENARD

UNITED STATES OF AMERICA    V.    RAUL ERNESTO ISRAEL

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  United States District Court Southern District of Florida

2. Date of judgment of conviction  November 13, 1996

3. Length of sentence  500 Months

4. Nature of offense involved (all counts)  21 §963; 18 §1956(h)

5. What was your plea? (Check one)
   (a) Not guilty  ■
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ■
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ■    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ■    No ☐

cat/div  Dade ("8255")
Case # 1:02CV22919
Judge  JAL   Mag  CHS
Motn Ifp  no   Fee pd $  no
Receipt # _____

1



9. If you did appeal answer the following:

   (a) Name of court 11th Circuit Court of Appeals

   (b) Result  Affirmed

   (c) Date of result February 6, 2001

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ■   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court     United States Supreme Court

       (2) Nature of proceeding    Petition for Certiorari

       (3) Grounds raised Same as on appeal

       (4) Did you receive an evidentiary hearing on your petition, application or motion?

          Yes ☐   No ■

       (5) Result      Petition denied.

       (6) Date of result    October 1, 2001

    (b) As to any second petition, application or motion, give the same information:

       (1) Name of court

       (2) Nature of proceeding

       (3) Grounds raised

2

  (4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes ☐ No ☐

  (5) Result_____

  (6) Date of result_____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

  (1) First petition, etc.  Yes ☐ No ☐
  (2) Second petition, etc. Yes ☐ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

12. State concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you May attach pages stating additional grounds and *facts* supporting same.

**Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.**

 For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

 Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

**A. Claim One: WHETHER THE SENTENCE OF 500 MONTHS IMPRISONMENT VIOLATES THE RULE OF *APPRENDI V. NEW JERSEY*, 530 U.S. 466 (2000), WHEN THE INDICTMENT FAILED TO CHARGE DRUG QUANTITY, THE QUESTION OF DRUG QUANTITY WAS NOT SUBMITTED TO A JURY FOR A DETERMINATION OF PROOF BEYOND A REASONABLE DOUBT, AND A JUDGE DETERMINED BY A LESSER PREPONDERANCE OF THE EVIDENCE STANDARD THE APPLICABLE DRUG QUANTITY? See *Ring v. Arizona*, 536 U.S. ___ (2002); *Cotton v. United States*, 536 U.S. ___ (2002).**

Supporting Facts: The indictment did not charge a quantity of cocaine, the jury was not instructed, and the sentence exceeds the 20-year statutory maximum.

**B. Claim Two: WHETHER THE IMPOSITION OF A FIVE YEAR TERM OF SUPERVISED RELEASE FOR A CLASS C FELONY RESULTS IN A MISAPPLICATION OF U.S.S.G. §5D1.2(b)(2), SEE *UNITED STATES V. NEELY*, 979 F.2d 1522 (11th Cir. 1992), AND VIOLATES TEACHING OF *UNITED STATES V. ROGERS*, 228 F.3d 1318, 1321 (11th Cir. 2000)?**

Supporting Facts: The term of supervised release is two years beyond the maximum allowed by the Sentencing Guidelines for a Class "C" felony offense.

4

**C. Claim Three: WHETHER THE MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION?**

Supporting Facts: Defense counsel was ineffective for failing to properly preserve an objection to drug quantity. On appeal, counsel's omission caused Israel to be subjected to a harsher standard of review, the plain error standard. Under the plain error standard, Israel was unable to persuade the 11th Circuit to vacate his illegal conviction. Counsel failed to object or brief the illegal term of supervised release.

**D. Claim Four:**

Supporting Facts:

13. If any of the grounds listed in 12A, B, C and D were not previously presented, state briefly what grounds were no so presented, and give your reasons for not presenting them:   Due to ineffective assistance of counsel.

5

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

    Yes ☐  No ■

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing _____

    _____

    (b) At arraignment and plea _____

    _____

    (c) At trial _____

    (d) At sentencing Vicent Joseph Flynn _____

    (e) On appeal G. Richard Strafer _____

    (f) In any post-conviction proceeding _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding ___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

    Yes ■  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ☐  No ■

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

    (b) Give date and length of the above sentence: _____

_____